**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Bendixen, | No. CV-22-01726-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Kurt Bendixen's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18). The Court has reviewed the briefs and the Administrative Record (Doc. 12, "R.") and now affirms the decision of the Administrative Law Judge ("ALJ") (R. at 41–53) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on September 9, 2019, for a period of disability beginning on December 31, 2014. (R. at 41.) Plaintiff's claims were initially denied on March 3, 2020, and upon reconsideration on May 1, 2020. (R. at 43.) Plaintiff then testified at a hearing held before an ALJ on May 25, 2021. (R. at 58-88.) On August 26, 2021, the ALJ denied Plaintiff's Application (R. at 41–53), and on

August 24, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. at 1–3). On October 7, 2022, Plaintiff filed this action seeking judicial review.

The Court has reviewed the medical evidence and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff had the following medically determinable impairments: status post separate gunshot and crushing right hand injuries causing limited range of motion, carpal tunnel syndrome status post right hand carpal tunnel release, diabetes, coronary artery disease, Barret's esophagus, and gastritis. (R. at 44.)

Ultimately, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404." (R. at 45.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "light exertion work" with certain limitations, including that he could "frequently reach and occasionally handle, finger, and feel with the dominant right upper extremity." (R. at 46–47.) Based on the vocational expert's answers to hypothetical questions, the ALJ concluded that Plaintiff could perform work as a furniture rental consultant, usher, parking lot signaler, or ticket taker and is not disabled under the Act. (R. at 52–53.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant can still perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises one argument for the Court's consideration: The ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. (Pl. Br. at 6.) Although credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v.*

*Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Plaintiff testified to two general limitations: (1) he has limited use of his right hand after it was crushed in a construction accident (R. at 66–80); and (2) he has "heart issues" that cause him to feel dizzy or out of breath, and he must lie down a few times a day because of fatigue (R. at 74–75, 80). The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 47.)

The majority of Plaintiff's brief focuses on whether the ALJ properly discounted Plaintiff's testimony regarding his right hand injury. When discounting this testimony, the ALJ reasoned in part that Plaintiff's "testimony suggested his right hand was essentially a useless claw," but "recent medical treatment notes and his testimony show that he goes to the gun range to shoot, loads his own ammunition, walks and plays with large dogs, creates resin sculptures, and can write using his right hand." (R. at 49 (citations omitted).) Plaintiff argues that he never claimed his right hand was a "useless claw" and thus, the ALJ's premise for discounting his testimony was flawed. (Pl. Br. at 9.)

The Court need not delve into Plaintiff's testimony about his hand or the ALJ's reasons for discounting it because the alleged error would be harmless. The ALJ found that

Plaintiff could perform four jobs with the limitation that he can "occasionally handle, finger, and feel with the dominant right upper extremity." But the ALJ noted that according to the vocational expert, Plaintiff could still perform three of those jobs even if he had no ability to handle, finger, or feel with his right hand. (R. at 53; 83–84.) Therefore, whether the ALJ erred in discounting Plaintiff's testimony regarding the limited use of his right hand does not affect the ALJ's determination that Plaintiff is not disabled. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (defining harmless error as an error that does not affect the ALJ's nondisability determination).

Aside from the limits of his hand use, Plaintiff testified that he occasionally experiences an irregular heartbeat and must lie down "[m]aybe three times a day" when he gets fatigued. (R. at 75, 80.) Had the ALJ credited this testimony as true, Plaintiff argues, the ALJ would have been compelled to find Plaintiff disabled. (Pl. Br. at 7.) However, the ALJ explained that he "addressed [these] symptoms and impairments by limiting [Plaintiff] to light work, along with the [other] limitations" in the RFC. (R. at 48–49.) Thus, the ALJ did not discount this testimony but rather implemented it into the RFC. Plaintiff does not expand on this argument other than to say the vocational expert testified that it would be work preclusive if Plaintiff were off task 15% of the workday or had to lie down intermittently and unpredictably. (Pl. Br. at 7.) But Plaintiff did not testify that he would have to be off task 15% of the workday or that he would have to lie down intermittently and unpredictably. Plaintiff thus identifies no error in the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the decision of the Administrative Law Judge (R. at 41–53) as upheld by the Appeals Council (R. at 1–3).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 29th day of March, 2024.

Honorable John J. Tuchi
United States District Judge